LEVI P. MORTON, RESPONDENT, *v.* THE MANHATTAN BEACH IMPROVEMENT COMPANY (LIMITED) AND ANOTHER, APPELLANTS.

*Ejectment — separation of a portion of an island from the rest of it, by the action of the sea — when the new island so formed will pass by a conveyance purporting to convey the island by its old name.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

This action was in ejectment for the recovery of an undivided

fifth part of a tract of land at Coney Island, in the possession of the defendants. The case states that the plaintiff's remote grantor, with others, was in possession of Barren Island prior to the year 1835. At that time, it is shown by the evidence, that the tract in dispute was a part of that island. The plaintiff traces his title by a regular chain of conveyances from such owner. About the year 1845 the sea broke through Barren Island, separating the tract in question from that island by an inlet. About 1861 the old inlet that separated Barren Island from Coney Island closed, and thus the tract formerly part of Barren Island became attached to Coney Island.

The deed to the plaintiff was in 1865, by the sheriff, on a foreclosure of a mortgage executed in 1852, and conveyed the mortgaged premises. The mortgage and the two deeds anterior thereto, by which the mortgagor acquired title, described the premises conveyed as being Barren Island.

The court at General Term said : " The only question presented on this appeal is whether this tract, after it had been detached by the sea from the main island, passed under the description of Barren Island. We think it did. It was originally part of that island. After it was cut off by the sea it remained a separate island for twenty-five years, until it was connected with Coney Island. It was during this period that the conveyances in question were made.

" Though as a matter of geography the tract became an independent island, still in the absence of any proof that during this time it had acquired a separate designation, we think it should be held that the name Barren Island still included it. The burden of proof was on the defendant to show, if such was the fact, that the tract, after its separation, was known by some other name, otherwise it should be presumed that it was still called by the former title."

*Alfred C. Chapin*, for the appellants.

*Henry G. Atwater*, for the respondent.

Opinion by CULLEN, J.

Present — BARNARD, P. J., and DYKMAN, J.

Judgment affirmed, with costs.